17-2133-cr
*United States v. Sarmiento*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of July, two thousand eighteen.

PRESENT:
>      JON O. NEWMAN,
>      JOSÉ A. CABRANES,
>      SUSAN L. CARNEY,
>                *Circuit Judges.*

_____

UNITED STATES,

>           *Appellee,*

>                v.                                    No. 17-2133-cr

ELIANA SARMIENTO,

>           *Defendant-Appellant.*\*

_____

FOR APPELLANT:                       JAMES R. DEVITA, Law Offices of James
                                     R. DeVita PLLC, White Plains, NY;
                                     Arthur K. Womble Jr., Zeman & Womble,
                                     Brooklyn, NY.

---

\* The Clerk of Court is directed to amend the official caption as set forth above.

FOR APPELLEE: WON S. SHIN (Eun Young Choi, Andrew C. Adams, *on the brief*), Assistant United States Attorneys, *for* Geoffrey S. Berman, United States Attorney for the Southern District of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Kimba M. Wood, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of conviction entered on July 5, 2017, is **AFFIRMED**.

Defendant-appellant Eliana Sarmiento appeals her conviction by a jury of two counts of conspiracy to steal government funds, two counts of theft of government funds, and two counts of aggravated identity theft. *See* 18 U.S.C. § 371, § 641, § 1028A(a)(1). Sarmiento argues that her prosecution violated the Speedy Trial Act ("the Act") because she was not tried within 70 days of her indictment or arraignment, and that the District Court should therefore have dismissed the indictment against her. *See* 18 U.S.C. § 3161(c)(1) (requiring trial within 70 days unless exclusion applies). We assume the parties' familiarity with the facts and the record of the prior proceedings, to which we refer here only as necessary to explain our decision to affirm.

Sarmiento contends that her 70-day "clock" expired no later than June 4, 2015, because the District Court did not explicitly exclude time under the Act during the period from February 23, 2015, to October 19, 2015. On December 4, 2015, the District Court denied Sarmiento's pretrial motion to dismiss the indictment against her on that basis. Sarmiento was ultimately re-indicted in August 2016 and convicted by a jury in September 2016.

The Speedy Trial Act provides that the 70-day trial clock is paused while pretrial motions are being briefed. *See* 18 U.S.C. § 3161(h)(1)(D). The Act also provides that any automatic exclusion of time applicable to one defendant tolls the Act's clock for all of the codefendants "when the defendant *is joined for trial* with a codefendant as to whom the time

2

for trial has not run and no motion for severance has been granted." 18 U.S.C. § 3161(h)(6) (emphasis added).

Relying on these provisions, the District Court concluded that Sarmiento's prosecution did not violate the Act because another defendant's pretrial motion was being briefed during the contested period. *United States v. Santana*, No. 13 CR 147 (KMW), 2015 WL 8078928, at *3 (S.D.N.Y. Dec. 4, 2015). We review *de novo* the District Court's legal conclusions regarding whether the Speedy Trial Act was violated and the District Court's underlying factual findings for clear error. *United States v. Shellef*, 718 F.3d 94, 101 (2d Cir. 2013).

The pretrial motion invoked by the District Court was a *pro se* motion filed by Julio Alexander Lara Trinidad. Sarmiento contends that Trinidad's pending motion did not pause her 70-day trial clock under the Act, because she was not "joined for trial" as a "codefendant" with Trinidad in 2015. Trinidad was separately indicted in proceedings assigned to the same case number as Sarmiento and fourteen other defendants, all of whom were alleged to be involved in the same criminal scheme. The government argues that there was an informal understanding among all participants that it would jointly indict, at some later time, all separately indicted defendants who proceeded to trial, and that this understanding sufficed for the court to treat all defendants as "joined for trial" under Section 3161(h)(6) during the entire prosecution. Sarmiento asserts, however, that the government did not comply with the Federal Rules of Criminal Procedure related to joinder, *see* Fed. R. Crim. P. 8(b), 13, and that there was in fact uncertainty about Trinidad's place in the prosecution of the 16 defendants named in the same docket number in a hodgepodge of group and individual indictments.

We need not determine whether "informal" joinder is sufficient to toll a defendant's Speedy Trial Act clock under Section 3161(h)(6), because we conclude that any error committed by the District Court was harmless.[1]

---

[1] We observe, however, that literal compliance with Rules 8(b) and 13 will usually avoid troublesome issues that might jeopardize convictions in the future.

First, in denying Sarmiento's motion to dismiss, the District Court explained that, if Sarmiento's rights under the Act had been violated, it would have dismissed her indictment *without* prejudice, allowing the government to immediately reindict her and continue expeditiously to trial on the same charges. *Santana,* 2015 WL 8078928 at *3-4. The District Court did not abuse its discretion in deciding dismissal without prejudice would be the appropriate sanction for any violation of Sarmiento's Speedy Trial Act rights. *See United States v. Taylor*, 487 U.S. 326, 335-36 (1988) (decision to dismiss an indictment without prejudice reviewed for abuse of discretion). Sarmiento's offense was serious, the delay was not an attempt by the government to gain a tactical advantage, and Sarmiento had been released on bail pending trial. *See* 18 U.S.C. § 3162(a)(2). Although the District Court could have more thoroughly "explain[ed] the administrative neglect that caused the particular delay at issue, as well as consider[ed] any potential administrative changes that might be warranted in light of that violation," *United States v. Bert*, 814 F.3d 70, 83 (2d Cir. 2016), "Congress did not intend any particular type of dismissal to serve as the presumptive remedy for a Speedy Trial Act violation," *id.* at 79.

Second, an error is "harmless"—and, thus, does not provide a basis for vacatur of a conviction—if it does not affect the defendant's "substantial rights." Fed. R. Crim. P. 52(a); *see also Neder v. United States*, 527 U.S. 1, 7 (1999) (courts will presumptively apply harmless-error review to most errors in criminal cases). We have previously held that failure to dismiss an indictment under the Act without prejudice is harmless if the government successfully reindicted the defendant on the same charges. *United States v. Gambino*, 59 F.3d 353, 363 (2d Cir. 1995). Here, unlike in *Gambino*, Sarmiento was reindicted *after* the District Court denied her motion to dismiss the indictment. But, as in *Gambino*, Sarmiento was convicted at trial by a jury after her reindictment.

Sarmiento argues that the harmless error holding in *Gambino* was abrogated by *Zedner v. United States*, 547 U.S. 489 (2006). In *Zedner*, the Supreme Court held that "when a district court makes no findings on the record in support of a [Section] 3161(h)(8) continuance,

4

harmless-error review is not appropriate." *Id.* at 509. The Section 3161(h)(8),[2] or "ends-of-justice," continuance allows district courts in their discretion to exclude time that would otherwise count towards the Act's 70-day clock. Continuances granted under this provision are subject to stringent requirements, however: the court must state on the record the reasons for the continuance, taking into account specified factors, and must weigh those reasons against the interests of the public and defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A), (B).

The *Zedner* Court relied in part on those "detailed requirements" of ends-of-justice continuances in finding that harmless error review did not apply in that context. *Zedner*, 547 U.S. at 507-08. The codefendant exclusion at issue here, however, is not subject to the same kind of detailed requirements. *Compare* 18 U.S.C. § 3161(h)(6) (codefendant exclusion) *with* 18 U.S.C. § 3161(h)(7). We thus see no "strong support," *Zedner*, 547 U.S. at 507, for rejecting the presumptive applicability of harmless error review in the context of the codefendant exclusion. Accordingly, we conclude that *Zedner* does not foreclose harmless error review here.

As noted above, Sarmiento, like the defendant in *Gambino*, was reindicted repeatedly, including after the District Court denied her motion to dismiss. She was ultimately convicted at trial. Had the District Court dismissed the indictment without prejudice on Sarmiento's motion, we see no reason to doubt that the government would have indicted her once again and brought her to trial on or before her actual trial date of September 2016. We therefore conclude that any error made by the District Court was harmless, and Sarmiento is not entitled to vacatur of her conviction.

* * *

---

[2] This provision is now codified at 18 U.S.C. § 3161(h)(7).

The judgment of the District Court is therefore **AFFIRMED**.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court